**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES CHRISTOPHER GULAS,

      Plaintiff-Appellant,

v.

BERNALILLO COUNTY SHERIFF;
WARDEN OF THE ESTANCIA
CORRECTIONAL FACILITY;
UNKNOWN DEPUTIES OF THE
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT; UNKNOWN
CORRECTIONAL OFFICERS OF
THE CORRECTIONAL
CORPORATION OF AMERICA, in
their individual and official capacities;
CORRECTIONAL CORPORATION
OF AMERICA, INC.; FNU
HERNANDEZ, Deputy Sheriff;
DARREN WHITE, Sheriff of
Bernalillo County; LANE BLAIR,
Warden of the Torrance County
Detention Facility, in their individual
and official capacities,

      Defendants-Appellees.

No. 06-2340
(D.C. No. CIV-06-340 JH/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

_____

Charles Gulas, proceeding pro se on appeal as he did in the district court, appeals from two orders of the district court dismissing without prejudice his first and second amended complaints in this 42 U.S.C. § 1983 action. We reverse and remand for further proceedings.

## Background

Mr. Gulas filed a first amended complaint in which he alleged that defendants took him into custody without a warrant and detained him in various New Mexico facilities, where they kept him in prison garb, threw away his legal papers, kept him in isolation, denied him showers, and limited his access to a telephone. He alleged that defendants extradited him to Sacramento, California, without a valid demand by the State of California and without his consent, and without providing him with an attorney or an opportunity to apply for a writ of habeas corpus. However, he also alleged that he was arraigned in a state district court in New Mexico, where he signed an agreement to be extradited to California within ten days. He alleged that he was detained in Sacramento for a month without receiving counsel or being actively prosecuted. Based on these

_____

*(...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

allegations, Mr. Gulas asserted that defendants violated various constitutional rights, falsely imprisoned him, and violated the Uniform Criminal Extradition Act, specifically N.M. Stat. § 31-4-10,[1] and 18 U.S.C. § 3182.[2] He sought damages and injunctive relief.

---

[1] Section 31-4-10 provides, in relevant part:

No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

[2] 18 U.S.C. § 3182 provides, in its entirety:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

Because Mr. Gulas applied for leave to file his case without prepayment of fees under 28 U.S.C. § 1915(a), the district court examined the first amended complaint under § 1915(e)(2)(B), which authorizes sua sponte dismissal of *in forma pauperis* proceedings if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks damages from a defendant who is immune from such relief. The court determined that the first amended complaint had numerous deficiencies. To the extent Mr. Gulas sought redress for constitutional violations alleged to have occurred in California, the court ruled that he had chosen the wrong forum, that it lacked jurisdiction over California actors, and that none of the New Mexico defendants had a role in those alleged violations.

As to the claims related to the alleged incidents in New Mexico, the district court dismissed the complaint without prejudice under Fed. R. Civ. P. 12(b)(6) for two reasons. First, the court determined that not only had Mr. Gulas failed to allege that he had exhausted his administrative remedies under 42 U.S.C. § 1997e(a), a provision of the Prison Litigation Reform Act of 1995 (PLRA), as required by *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), which was controlling precedent at the time, but he in fact admitted that he had not pursued any administrative remedies whatsoever. Second, the court determined that the first amended complaint suffered from internal inconsistencies regarding Mr. Gulas's New Mexico state-court extradition

-4-

proceedings, including whether he had requested an attorney, requested to apply for habeas relief, or agreed to extradition. The court further stated that it could not discern whether amendment could cure the problems with the complaint, reasoning that the exhaustion issue was fatal, but that the other problems "may simply be poor draftsmanship." R., Doc. 5 at 5.

A month after the district court filed its order dismissing the first amended complaint, Mr. Gulas filed a second amended complaint. The court issued another order of dismissal without prejudice, stating that because the first amended complaint had been dismissed, it "could not be amended in this current lawsuit." *Id.*, Doc. 9. The court viewed the second amended complaint as being "without force and effect," and advised Mr. Gulas that if he wished to pursue his cause of action, he had to file a new lawsuit. *Id.* This appeal followed. We have jurisdiction under 28 U.S.C. § 1291.[3]

---

[3] In each of the two dismissal orders, the district court stated it was dismissing the complaint without prejudice. While a dismissal of a "complaint [without prejudice] is ordinarily a non-final, nonappealable order (since amendment would generally be available), . . . dismissal of [an] entire action is ordinarily final." *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (quotation omitted). Our review of the two dismissal orders indicates that the court intended to dismiss Mr. Gulas's entire action without prejudice. Accordingly, the dismissal orders were final and appealable under our "practical approach." *Ton Servs, Inc. v. Qwest Corp.*, ___ F.3d ___, No. 06-4052, 2007 WL 2083744, at *1 n.4 (10th Cir. July 23, 2007) (quotation omitted); *cf. Patel v. Fleming*, 415 F.3d 1105, 1107-08 (10th Cir. 2005) (exercising jurisdiction under § 1291 over appeal from dismissal without prejudice for failure to exhaust under PLRA).

**<u>Discussion</u>**

On appeal, Mr. Gulas broadly argues that under the liberal reading to which he is entitled as a pro se litigant, his pleadings state a claim upon which relief can be granted.[4]  Although he has not specifically argued that the district court erred in applying PLRA's exhaustion requirement, our de novo review, *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), reveals errors in the court's application of the exhaustion requirement that compel us to remand.  We also conclude that to the extent PLRA does not apply to his claims, the court should permit Mr. Gulas an opportunity to amend his pleading.

To reiterate briefly, the district court concluded that PLRA's exhaustion requirement applied to the first amended complaint because many of the claims concerned jail or prison conditions.  The court then applied *Steele's* holding that exhaustion is an affirmative pleading requirement and determined that Mr. Gulas's express statement that he had not pursued any administrative remedies showed that he had failed to exhaust.  But the district court made no finding that Mr. Gulas was "confined in a jail, prison, or other correctional facility" when he filed the action, which is a prerequisite for the application of PLRA's exhaustion requirement. *Norton v. City of Marietta*, 432 F.3d 1145,

---

[4]    Mr. Gulas also argues that any statute of limitations applicable to his second amended complaint be equitably tolled.  Based on our view that he need not file a new lawsuit, we consider this issue moot.  He has not challenged the district court's ruling concerning allegations pertaining to constitutional violations alleged to have occurred in California.

1150 (10th Cir. 2003). Nothing in any of Mr. Gulas's pleadings indicates that he was confined when he filed the action; rather, he described himself as a California citizen and provided what appears to be an ordinary street address. On remand, the court must determine whether Mr. Gulas was confined when he filed this action. If he was not, then PLRA's exhaustion requirement does not apply. *See id.*

If the district court determines on remand that Mr. Gulas was confined when he filed this action, there are two other matters the district court must consider before dismissing the action sua sponte. In its first dismissal order, the court correctly observed that PLRA's exhaustion requirement applies only to prisoner suits that concern conditions of confinement, *see* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 525 (2002), and that many of the allegations in Mr. Gulas's first amended complaint concerned these conditions. However, it appears that some of his claims do not pertain to conditions of confinement, namely, those concerning Mr. Gulas's warrantless arrest and extradition. Therefore, if the court finds that Mr. Gulas was confined when he filed this action, the court should consider whether any of his claims do not concern conditions of his confinement and, if any do not, whether he may proceed on those claims regardless of any failure to exhaust.

The other matter the district court must consider if it determines that Mr. Gulas was confined when he filed this action is subsequent case law on sua

sponte dismissals for failure to exhaust. Although good law at the time of the district court's dismissal orders, *Steele* was later abrogated by the holding in *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), that exhaustion is an affirmative defense, not a pleading requirement. However, we have read *Jones* as leaving open the possibility of sua sponte dismissal but have admonished district courts to "exercise caution" in taking such an approach. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Sua sponte dismissal may be appropriate where a plaintiff's failure to exhaust is clear from the face of the complaint and the court ensures that the failure to exhaust is not due to the action or inaction of prison officials, that is, whether the prisoner "was thwarted in his attempts to [exhaust]." *Id.* But "only in rare cases will a district court be able to conclude from the face of a complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Id.* When there are "affirmative but not conclusive statements" in the complaint regarding exhaustion, "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." *Id.* (quotation omitted). Furthermore, sua sponte dismissal for failure to exhaust under PLRA "requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." *Id.* at 1225-26 (quotation omitted).

Here, Mr. Gulas stated that he had not pursued administrative remedies. This affirmative statement, however, is not conclusive regarding whether he was thwarted in his attempt to do so. Notably, Mr. Gulas alleged that he was transferred several times during his detention in New Mexico, which may have hindered his opportunity to pursue any such remedies. Thus, if the district court determines that Mr. Gulas was confined when he filed this action and seeks to dismiss, sua sponte, claims concerning conditions of confinement for failure to exhaust, the court must consider whether there were any administrative remedies available to Mr. Gulas and, if so, whether the acts of others prevented him from exhausting those remedies.

The district court advanced another reason for dismissing the first amended complaint—that it was inadequate because of internal inconsistencies—but we cannot assume that PLRA is inapplicable and affirm on this alternate basis. It is well-established that courts are to construe pro se pleadings and other papers liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). The Supreme Court recently has reinforced this concept in connection with the liberal pleading standard of Fed. R. Civ. P. 8(a)(2) and (f). *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (Rule 8(a)(2)'s liberal standard "is even more pronounced" where a plaintiff proceeds without counsel). In considering the first amended complaint,

the court recited the liberal pro se standard, but its alternate resolution of the case is at odds with the general rule that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged *and it would be futile to give him an opportunity to amend*." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (emphasis added). Again, the court stated that it was unable to ascertain if all of the deficiencies could be remedied by amendment—the failure to exhaust could not, but the other problems might only be due to poor draftsmanship. Consequently, if the court determines on remand that it cannot dismiss sua sponte all of the claims for failure to exhaust under PLRA, the court should consider whether Mr. Gulas's pleadings state a claim upon which relief can be granted and, if not, whether to permit further amendment.

## Conclusion

The orders of the district court dismissing the first amended complaint and the second amended complaint are REVERSED and VACATED, and the case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-10-