**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDREW J. O'CONNOR,

      Plaintiff-Appellant,

v.

ST. JOHN'S COLLEGE, Santa Fe
Campus, ASSOCIATED SECURITY
INDUSTRIES, SGT. STEVE
ALTONJI; SGT. ERIC WHEELER;
OFFICER BRUCE PRATZ; SANDRA
KLEIN, Special Agent, FBI; JEREMY
ALLISON, Special Agent, Secret
Service; MIKE ROSE, Special Agent,
Secret Service; TOM RIDGE, Former
Secretary of Homeland Security,

      Defendants-Appellees.

No. 07-2225
(D.C. No. 06-CV-660-BB-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Andrew J. O'Connor appeals pro se from a district court order that dismissed his civil rights lawsuit. He argues that his pleadings should have been liberally construed and that there are ongoing constitutional violations. We affirm.

<u>**BACKGROUND**</u>

On July 25, 2006, O'Connor filed his lawsuit pro se, claiming that on February 13, 2003, he was in Santa Fe, New Mexico, at the St. John's College Library using the library computers, when he was "falsely arrested and denied his civil liberties and right to due process of law." R., Doc. 2 at 8. He alleged that Associated Security Industries (ASI), which purportedly handled St. John's security needs, contacted agents of the Federal Bureau of Investigation (FBI), who in turn instructed the Santa Fe Police Department to arrest and detain him for questioning by the Secret Service. O'Connor asserted that his arrest and interrogation were punishment for his "anti-war views and for publicly dissenting against the policies of the Bush Administration." R., Doc. 42 at 4. Additionally, he claimed that the country's terror alert system had been manipulated for political purposes, that the Secret Service had contacted his doctors and family, and that there was a "whispering campaign" to interfere with his employment prospects. R., Doc. 2 at 4 (quotation omitted).

O'Connor named as defendants: St. John's College; ASI; Santa Fe Police Officers Steve Altonji, Eric Wheeler, and Bruce Pratz; former Secretary of

Homeland Security Tom Ridge; FBI special agent Sandra Klein; and Secret Service special agents Jeremy Allison and Mike Rose. O'Connor claimed that the defendants' actions violated 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and New Mexico civil-conspiracy law.[1] In an amended complaint, he incorporated the earlier complaint's allegations and added that St. John's and ASI are monitoring other library patrons' emails, and that in January 2007 his "residence was broken into and illegally searched," two "false and negative newspaper articles" about him appeared in a newspaper, and he "received an unsolicited email from an Islamic website." R., Doc. 42 at 12.

St. John's, ASI, and the Santa Fe police officers moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that O'Connor's claims were barred by the statute of limitations. The federal defendants also raised the statute of limitations, seeking dismissal or summary judgment. They submitted the declaration of Agent Allison, who stated that O'Connor "had been detained for allegedly making threatening statements towards the President of the United

---

[1]     To the extent that O'Connor attempts to assert a claim for relief under 42 U.S.C. § 1988(a), we note that the statute "does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights actions." *Hidahl v. Gilpin County Dep't of Soc. Servs.*, 938 F.2d 1150, 1152 (10th Cir. 1991) (quotation omitted). And while § 1988(b) "permits the award of costs and attorney fees to a prevailing plaintiff in a civil rights action," O'Connor has not prevailed. *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985).

States while logged onto a computer," and that the Secret Service had ended its investigation of O'Connor in April 2003. R., Doc. 82 at 15. In regard to former Secretary Ridge, the federal defendants argued that he was immune from suit.

At a hearing on the motions, O'Connor argued that his claims were not time barred because the defendants' actions were part of an ongoing conspiracy, as he had recently been followed by Denver police and had received a telephone call inquiring whether he sold marijuana. After the hearing, the district court issued a summary order, dismissing O'Connor's complaints. O'Connor now appeals.

## DISCUSSION

### I. Standards of Review

We review de novo a district court's ruling that a claim is barred by the statute of limitations. *See Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). In the context of Rule 12(b)(6), we accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff to determine whether the statute of limitations has been met. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). But in the context of summary judgment, we must determine whether the moving party has demonstrated that there is no genuine issue of material fact as to the running of the statute of limitations. *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996).

We also apply de novo review to issues of sovereign immunity. *Governor of Kansas v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008).

Finally, while we generally construe pro se "pleadings and filings liberally," *Lewis v. Commissioner*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008), we do not extend that same policy to pro se litigants who, like O'Connor, are also attorneys, *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).[2]

## II.  42 U.S.C. § 1983

Section 1983 provides a remedy for constitutional violations committed by state actors. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).  A § 1983 claim arising in New Mexico is subject to a three-year statute of limitations. *Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008).

When the challenged action is an arrest, interrogation, and detention, the § 1983 claim accrues "when the victim is released" or becomes the subject of "sufficient legal process." *Mondragon*, 519 F.3d at 1082-83.  Here, O'Connor alleged that he was arrested, detained, interrogated, and released on February 13, 2003.  He did not file suit, however, until July 25, 2006—more than three years after a claim against any of the state defendants accrued.[3]  Consequently,

---

[2]   But even if we were to liberally construe O'Connor's pleadings and filings, it would make no difference to the outcome of this appeal.

[3]   Because we are resolving O'Connor's § 1983 claims on the basis of the

(continued...)

O'Connor's § 1983 claim against the state defendants based on his arrest, detention, and interrogation is time barred.

To the extent that O'Connor's pleadings could be construed as challenging the monitoring of his computer communications by St. John's or ASI, that challenge would also be time barred. Secret Service agents Rose and Allison told O'Connor during his detention that he was being investigated because he had been observed "making threatening remarks about President Bush in an Internet chat room." Aplt. Br. at 9. Thus, O'Connor's § 1983 claim based on internet monitoring accrued on February 13, 2003, and he failed to sue within three years of that date. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (stating that an action accrues in a § 1983 case when "the plaintiff knows or should have known that his or her constitutional rights have been violated" (quotation omitted)).

### III. *Bivens*

*Bivens* provides an action for money damages against federal officials who, acting in their individual capacities, violate a person's constitutional rights. *Farmer v. Perrill*, 288 F.3d 1254, 1256 & n.1 (10th Cir. 2002). Like a § 1983 action, a *Bivens* action arising in New Mexico has a three-year statute of limitations, and it accrues when the claimant knew or had reason to know "of the

[3](...continued)
statute of limitations, we need not determine whether ASI was employed by St. John's and acted under color of state law at the time of O'Connor's arrest.

-6-

existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994).

To the extent O'Connor's *Bivens* claim targeted FBI special agent Klein and Secret Service special agents Allison and Rose for liability based on his arrest, detention, and interrogation, the claim is time-barred as explained above in Part II. And while the Secret Service did, as O'Connor alleged, contact O'Connor's family members and doctors, it is undisputed that those contacts occurred more than three years before O'Connor sued.

Finally, O'Connor's claim against former Secretary Ridge is jurisdictionally foreclosed. While O'Connor alleged that he was suing former Secretary Ridge in his individual capacity, it appears that the gist of O'Connor's claim concerns Ridge's assigned task of running the country's terror-alert system. Viewed as such, O'Connor's claim is in reality against Ridge in his official capacity, *see West v. Atkins*, 487 U.S. 42, 50 (1988), and is subject to the bar of sovereign immunity, *see Pleasant v. Lovell*, 876 F.2d 787, 793-94 (10th Cir. 1989).

IV. 42 U.S.C. § 1985(3)

Section 1985(3) provides a remedy for a conspiracy to violate a person's civil rights. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The applicable statute of limitations is the same period that governs O'Connor's § 1983 claims, *see Robinson v. Maruffi*, 895 F.2d 649, 653-54 (10th Cir. 1990), and it runs separately from each overt act of the conspiracy that allegedly caused injury, *see Scherer v. Balkema*, 840 F.2d 437, 439 (7th Cir. 1988); *see also Robinson*, 895 F.2d at 655 (indicating that conspiracies involving "discrete claims of [constitutional] wrongs, despite their being averred as a continuing wrong," accrue when the plaintiff is injured). Consequently, O'Connor "may recover only for the overt acts that [he] specifically alleged to have occurred within the limitations period." *Scherer*, 840 F.2d at 439 (quotation and ellipses omitted).

While O'Connor appears to allege acts of the conspiracy that occurred within three years of the date he sued—such as the burglary and search of his residence in January 2007—he does not allege involvement by any defendant. Section 1985(3) conspiracy claims cannot stand on "vague and conclusory allegations"; but rather, "must be pled with some degree of specificity." *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *cf. Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (observing that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim" (quotation omitted)). The only alleged act committed by a

-8-

specified defendant within the limitations period is St. John's and ASI's monitoring of *other* library patrons' computer uses. But O'Connor lacks standing to assert the constitutional rights of those individuals. *See Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (recognizing the general rule "that a plaintiff must assert his own constitutional rights"). Consequently, we conclude that O'Connor's § 1985(3) claim is time barred.[4]

O'Connor's conspiracy claim brought under New Mexico law is time barred as well. *See Williams v. Stewart*, 112 P.3d 281, 285 (N.M. Ct. App. 2005) (applying three-year statute of limitations to conspiracy claim).

### V. 42 U.S.C. § 1986

Section 1986 allows an action against a party who knows that a § 1985(3) violation will occur, has the power to prevent it, and fails to do so. *See* 42 U.S.C. § 1986. The statute of limitations to bring a § 1986 claim is one year after the claim accrues. *Id.* As noted above, no defendant is alleged to have engaged in a

---

[4]     We also note that O'Connor's § 1985(3) claim rests on questionable footing because § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). While the Supreme Court has not yet decided whether the statute covers wholly non-racial, politically motivated conspiracies, *see United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 836-37 (1983), and while other Courts of Appeal are split on the issue, *see Farber v. City of Paterson*, 440 F.3d 131, 135, 138-39 (3d Cir. 2006) (collecting cases), our court has signaled that § 1985(3) requires at least a "commingling of racial and political motives." *Brown  v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985). O'Connor does not appear to claim that there is any sort of racial component to the alleged conspiracy.

§ 1985(3) violation against O'Connor within three years of the filing of his complaint. It necessarily follows that no defendant could have failed to prevent such a violation within one year of the complaint's filing. O'Connor's § 1986 claim is, therefore, time barred. *See Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (observing that a "§ 1986 claim is dependent upon the existence of a valid claim under 1985").

## CONCLUSION

The judgment of the district court is AFFIRMED.

O'Connor's motion to proceed on appeal in forma pauperis is DENIED for lack of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Michael R. Murphy
Circuit Judge