FILED
United States Court of Appeals
Tenth Circuit

November 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW JOHN YELLOWBEAR, JR.,

      Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF WYOMING; SKIP
HORNECKER, in his official capacity
as Supervisor, Fremont County
Detention Center,

      Respondents - Appellees.

No. 11-8035

(D.C. No. 2:06-CV-00082-ABJ)

D. Wyoming

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Andrew John Yellowbear, Jr., an Oklahoma state prisoner, was convicted of

first degree murder and sentenced to life imprisonment. *Yellowbear v. Att'y Gen.*

*of Wyo.*, 380 F. App'x 740, 740 (10th Cir. 2010). Yellowbear's challenge to the

jurisdiction of the state court was rejected by the Wyoming Supreme Court on

direct appeal and by the federal courts, including this court, in Yellowbear's

subsequent 28 U.S.C. § 2254 habeas proceeding. *Id*. at 740-41.

Ten months after this court affirmed the district court's denial of habeas

relief on Yellowbear's jurisdictional claim, he filed a Fed. R. Civ. P. 60(b)

motion with the United States District Court for the District of Wyoming, arguing he was entitled to relief from the judgment because the district judge fell asleep during the hearing on his § 2254 petition. In a comprehensive order, the district court denied Yellowbear's 60(b) motion. The court concluded Yellowbear failed to show extraordinary circumstances justifying relief because he failed to establish that an erroneous legal judgment would be left uncorrected if his motion was not granted. Specifically, the court noted that Yellowbear's jurisdictional claim had been fully considered and rejected on the merits by the Wyoming Supreme Court. After Yellowbear was granted a certificate of appealability, this court also considered the claim on the merits, concluding the state court's adjudication was neither "an objectively unreasonable application of Supreme Court precedent" nor "incorrect." *Id*. at 743.

Yellowbear now seeks a certificate of appealability ("COA") to challenge the district court's denial of his Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding a COA is required to appeal the denial of Rule 60(b) relief from a habeas judgment). To be entitled to a COA, Yellowbear must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Yellowbear has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338; *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (reviewing the denial of a Rule 60(b)(6) motion for abuse of discretion).  Although Yellowbear need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Miller-El*, 537 U.S. at 336 (quotations omitted).

This court has reviewed Yellowbear's appellate brief and application for COA, the district court's well-reasoned order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Yellowbear is not entitled to a COA.  Accordingly, we **deny** his request for a COA and **dismiss** this appeal.  Because Yellowbear's motion to proceed *in forma pauperis* indicates he is able to pay the costs associated with pursuing this appeal, his request to proceed *in forma pauperis* is **denied** and he is ordered to pay any remaining balance of the appellate filing fee.  All additional outstanding motions are **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-