**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW JOHN YELLOWBEAR, JR.,

     Plaintiff - Appellant,

v.

DANIEL M. ASHE, Director, U.S. Fish
and Wildlife Service; BERNADETTE
ATENCIO, Supervisor, Wildlife
Repository Specialist, National Eagle and
Wildlife Property Repository, in their
official and individual capacities,

     Defendants - Appellees.

No. 14-8069
(D.C. No. 2:13-CV-00107-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Andrew Yellowbear appeals the district court's dismissal of his claims against

Daniel Ashe in his individual capacity, and its grant of summary judgment in favor of

Ashe and Bernadette Atencio on all other claims. Exercising jurisdiction under 28 U.S.C.

§ 1291, we conclude that this appeal is frivolous and dismiss.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

## I

Yellowbear is a prisoner housed at the Wyoming Medium Correctional Institution and an enrolled member of the Northern Arapaho Tribe. In September 2006, Yellowbear submitted a permit application to the U.S. Fish and Wildlife Service ("FWS") seeking ten eagle feathers for religious purposes. Randy Van Solen, an FWS employee, contacted the Wyoming State Penitentiary the following month to inquire about the process for filling Yellowbear's order. Wyoming Department of Corrections ("WDOC") chaplain Ken Martin responded that WDOC regulations permitted inmates to keep only one eagle feather, and because Yellowbear already had one, he would not be permitted to receive additional feathers. The day after hearing from Martin, Van Solen wrote to Yellowbear stating that his request could not be filled. Van Solen initially voided the request, but after Yellowbear indicated he would challenge the WDOC regulation, Van Solen apologized and agreed to keep the order open.

On August 1, 2008, Yellowbear wrote to Atencio, another FWS employee, informing her that a consent decree had been entered altering the applicable eagle feather policy. Yellowbear asked that Atencio contact his attorney to arrange for shipping of his pending request, "specifically (3) three eagle feathers." Yellowbear sent a second letter to Atencio on September 6, inquiring about the status of his "order for (3) three [e]agle feathers." In that letter, Yellowbear states that the new WDOC policy "allowed four (4) [e]agle feathers to be possessed by inmates." Two days later, FWS obtained authorization from WDOC to ship the additional feathers to Yellowbear. The feathers were sent the following day, September 9, 2008.

In December 2011, Yellowbear wrote to FWS Director Ashe and Assistant Regional Director Matt Hogan, asking whether the remaining eagle feathers from his original order could be donated to a third party.[1]  Atencio responded that because Yellowbear had received the maximum number of feathers permitted by prison policy, his order was deemed fulfilled.  Yellowbear objected to this response in letters to Atencio, Ashe, and Hogan.  Atencio again responded that prison policies limited Yellowbear to four feathers, and stated that FWS could not ship feathers to third parties.

Yellowbear filed an administrative claim under the Federal Tort Claims Act ("FTCA") in August 2012, alleging a wrongful termination of his request for seven additional feathers.  In October 2012, he supplemented his claim with a letter to an FWS tort claims examiner indicating that a footnote in the WDOC consent decree permits "a feather fan comprised of more than four feathers but that these items will only be permitted for group activities and will not be stored in individual cells."  Atencio contacted WDOC staff on October 18, 2012, seeking written permission to send an additional seven feathers for the feather fan.  Atencio left a message inquiring about the authorization on November 6.  On December 6, Yellowbear requested an eagle plume in addition to his prior requests.  WDOC staff responded to Atencio on December 19, indicating that Yellowbear was authorized to receive the seven additional feathers and the eagle plume.  The items were shipped on December 26, 2012.

---

[1] Apparently believing his original request was for twenty rather than ten feathers, Yellowbear states in the letter that sixteen feathers remain from his original order.

After his FTCA claim was denied, Yellowbear filed suit against Ashe and Atencio in both their official and individual capacities.  He alleged that defendants unreasonably delayed his eagle feather request for a period of four and a half years.  The district court granted Ashe's motion to dismiss the claims against him in his individual capacity for lack of personal jurisdiction.  It granted summary judgment in favor of defendants on the remaining claims.  Yellowbear timely appealed.

**II**

We review a dismissal for lack of personal jurisdiction de novo.  Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1229 (10th Cir. 2006).  If a district court dismisses for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie case for jurisdiction.  Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159 (10th Cir. 2010).  Because Wyoming's long-arm statute is coterminous with the Due Process Clause, we conduct a single inquiry into whether a defendant has sufficient minimum contacts with the forum state to support personal jurisdiction.  Id.  "A court may maintain general jurisdiction over a nonresident defendant, based on the defendant's continuous and systematic general business contacts with the forum state."  Id. at 1160 n.5 (quotation and alteration omitted).  A court possesses specific personal jurisdiction over a defendant if:  "(1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities."  Id. at 1160 (quotations and citations omitted).

Yellowbear contends that Ashe is subject to general personal jurisdiction in Wyoming because he is the Director of FWS. However, numerous courts, including our own, have held that broad supervisory authority is insufficient to render a government official subject to general personal jurisdiction in an individual capacity suit. See, e.g., Hill v. Pugh, 75 F. App'x 715, 719 (10th Cir. 2003) (unpublished) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state."); Nwanze v. Philip Morris Inc., 100 F. Supp. 2d 215, 220 (S.D.N.Y. 2000) ("Mere supervision over the Bureau of Prisons, the reach of which extends into every state, is insufficient to establish a basis for the exercise of personal jurisdiction."); Wag-Aero, Inc. v. United States, 837 F. Supp. 1479, 1485 (E.D. Wis. 1993) ("[T]he mere fact that federal government officials enforce federal laws and policies or supervise personnel and personnel training on a nationwide basis is not sufficient in and of itself to confer personal jurisdiction in a lawsuit which seeks money damages against those same governmental officials in their individual capacities."). We agree with this conclusion.

Yellowbear also argues that the district court possesses specific personal jurisdiction over Ashe because Ashe received correspondence about Yellowbear's requests for eagle feathers. Ashe's passive receipt of these letters and emails, however, does not show that he purposefully availed himself of the privilege of conducting business in Wyoming. See Emp'rs Mut. Cas. Co., 618 F.3d at 1159. Accordingly, this correspondence does not serve as a basis for personal jurisdiction.

## III

### A

We review a grant of summary judgment de novo. Merrifield v. Bd. of Cnty. Comm'rs, 654 F.3d 1073, 1077 (10th Cir. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, "[w]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." Merrifield, 654 F.3d at 1077 (quotation omitted).

Each of Yellowbear's claims rests on the premise that defendants unreasonably delayed in fulfilling his request for eagle feathers, allegedly for more than four years. The record demonstrates, however, that FWS employees promptly filled each of his requests once prison officials indicated that Yellowbear was authorized to receive the feathers. Yellowbear's 2008 letters to FWS specifically requested three feathers and stated that WDOC policy permitted him to possess four feathers. He cannot complain that FWS staff fulfilled his actual request rather than sua sponte sending additional feathers. Granting summary judgment in favor of defendants was proper.

### B

Yellowbear also argues that the district court erred in denying his motion to appoint counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In considering such a motion, courts consider "the merits of the litigant's claims, the nature

-6-

of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Id. (quotation omitted). We agree with the district court that these factors weigh against the appointment of counsel and thus do not discern an abuse of discretion.

C

Finally, Yellowbear challenges the district court's conclusion that this suit is frivolous under 28 U.S.C. § 1915(g). We agree with the district court's conclusion. Yellowbear filed this suit based on the premise that FWS unreasonably delayed in fulfilling his requests when the facts known to him clearly demonstrate that no such delay occurred. For the same reason, we conclude that Yellowbear's pursuit of this appeal is frivolous and impose an additional strike under 28 U.S.C. § 1915(e)(2)(B). See Jennings v. Natrona Cnty. Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

IV

Because Yellowbear's appeal is frivolous, we **DISMISS** pursuant to § 1915(e)(2)(B). For the same reason, we **DENY** his motion to proceed in forma pauperis, and order the appellant to immediately pay the filing fee. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge