**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW JOHN YELLOWBEAR, JR.,

    Plaintiff - Appellant,

v.

EDWARD L. NEWELL, II, Fremont
County and Prosecuting Attorney;
TIMOTHY W. GIST, Deputy Fremont
County and Prosecuting Attorney;
KATHLEEN T. KAVANAUGH, Deputy
Fremont County and Prosecuting Attorney;
CHARLES FENTON CARR, Detective,
Riverton Police Department, individually,
and in their official capacities,

    Defendants - Appellees.

No. 14-8073
(D.C. No. 2:14-CV-00059-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Andrew Yellowbear appeals the district court's dismissal with prejudice of his

42 U.S.C. §§ 1983, 1985, and 1986 civil rights complaint. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

# I

Yellowbear, who proceeds pro se, is an enrolled member of the Northern

Arapaho Tribe and is serving a life sentence in Wyoming state prison.[1]  Because the

facts underlying his conviction are thoroughly described in Yellowbear's numerous

prior appeals,[2] we briefly summarize only those facts relevant to this action.

On July 7, 2004, the Shoshone and Arapaho Tribal Court issued an order

authorizing the extradition of Yellowbear by Fremont County, Wyoming, authorities.

Yellowbear later requested declaratory relief relating to that order.  On March 29,

2006, the Tribal Court issued a declaratory judgment voiding its extradition order

because Fremont County officials failed to appear for a hearing.  Yellowbear raised

the declaratory judgment as grounds for post-conviction relief in state court, but his

motion was denied on December 6, 2011.

During his criminal trial, Yellowbear moved to compel law enforcement

officers to preserve their handwritten notes.  On June 16, 2005, the trial court orally

granted his motion.  It subsequently entered a written order memorializing this

---

[1] We construe Yellowbear's pro se filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  We reject Yellowbear's contention that we should apply a heightened standard of review because he was subject to the death penalty during his state criminal proceeding.  This civil lawsuit is not a capital case.

[2] See Yellowbear v. Ashe, No. 14-8069, 2015 WL 2353005 (10th Cir. May 18, 2015) (unpublished); Yellowbear v. Michael, 570 F. App'x 798 (10th Cir. 2014) (unpublished); Yellowbear v. Lampert, 741 F.3d 48 (10th Cir. 2014); Yellowbear v. Att'y Gen. of Wyo., 440 F. App'x 677 (10th Cir. 2011) (unpublished); Yellowbear v. Att'y Gen. of Wyo., 380 F. App'x 740 (10th Cir. 2010) (unpublished); Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921 (10th Cir. 2008); Yellowbear v. Wyo. Att'y Gen., 130 F. App'x 276 (10th Cir. 2005) (unpublished); Yellowbear v. State, 174 P.3d 1270 (Wyo. 2008).

decision on August 23, 2005. At a February 9, 2006, hearing, the prosecutor revealed that certain notes had been destroyed. Between November 2012 and January 2014, Yellowbear sent letters to and/or filed complaints about the destruction of the notes with several state and federal agencies. He alleged that the prosecution's conduct was part of a pattern or practice of animus-driven discrimination against Native Americans.

Yellowbear sued various officials for violating his civil rights by destroying the handwritten notes on March 19, 2014. He amended his complaint shortly thereafter to add claims about his extradition. Concluding that the claims were untimely, the district court dismissed his complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Judgment was entered on April 4, 2014. Yellowbear filed a Fed. R. Civ. P. Rule 59(e) motion to alter or amend judgment. He filed a notice of appeal before the court disposed of that motion. We abated the appeal until the district court denied the Rule 59(e) motion on December 16, 2014. Yellowbear now appeals the district court's dismissal of his complaint and its order denying his motion to alter or amend judgment.[3]

## II

We review the applicability of a statute of limitations de novo. Fulghum v. Embarq Corp., 785 F.3d 395, 413 (10th Cir. 2015). The limitations period for claims

---

[3] Although Yellowbear did not file a second notice of appeal after the district court denied his Rule 59(e) motion as required by Fed. R. App. P. 4(a)(4)(B)(ii), we construe a "Status Report" Yellowbear filed on December 30, 2014, as the "functional equivalent" of a notice of appeal. See Fleming v. Evans, 481 F.3d 1249, 1253 (10th Cir. 2007) (quotation omitted).

brought under 42 U.S.C. § 1983 is the applicable state statute of limitations for personal injury suits, which is four years in Wyoming. Gee v. Pacheco, 627 F.3d 1178, 1189-90 (10th Cir. 2010) (citing Wyo. Stat. § 1-3-105(a)(iv)(C)). However, federal law governs when § 1983 claims accrue. Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis for the action." Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005) (quotations omitted).

On March 29, 2006, the Tribal Court issued the declaratory judgment voiding Yellowbear's extradition order. Because the order indicates Yellowbear appeared telephonically, he was aware of his alleged injury that day. His March 2014 complaint was thus filed well outside the four-year limitations period. We reject Yellowbear's argument that his claim did not accrue until he exhausted state-court remedies. The Prison Litigation Reform Act requires exhaustion only for "actions . . . brought with respect to prison conditions." Porter v. Nussle, 534 U.S. 516, 525 (2002) (quoting 42 U.S.C. § 1997e(a)). Yellowbear's extradition claim does not concern prison conditions. See Gulas v. Bernalillo Cnty. Sheriff, 247 F. App'x 127, 130 (10th Cir. 2007) (unpublished) (indicating exhaustion is unnecessary for § 1983 suit concerning allegedly illegal extradition). Nor is Yellowbear seeking habeas relief, which would also require exhaustion. See 28 U.S.C. § 2254(b)(1)(A).

Yellowbear also contends that his extradition claim is timely under the "continuing wrong" doctrine. However, "the continuing wrong doctrine cannot be employed where the plaintiff's injury is definite and discoverable and nothing

-4-

prevented plaintiff from coming forward to seek redress." Ute Distrib. Corp. v.

Sec'y of the Interior, 584 F.3d 1275, 1283 (10th Cir. 2009) (quotations omitted).

Any injury Yellowbear may have suffered from his allegedly illegal extradition is

definite and was discoverable when the Tribal Court voided its extradition order.

Nothing prevented Yellowbear from coming forward to seek redress from his injury

at an earlier date.  His extradition claim is thus untimely.

We reach the same conclusion with respect to Yellowbear's evidence-

destruction claim.  Yellowbear's attorney learned on February 9, 2006, that law

enforcement officers had destroyed some handwritten notes.[4]  His contention that this

claim did not accrue until after he "exhausted" other remedies by sending letters and

complaints to various officials fails because, as described supra, exhaustion is not

required for claims unless they relate to prison conditions, see Porter, 534 U.S. at

525, or seek habeas relief, see § 2254(b)(1)(A).  Because his claim accrued in

February 2006, Yellowbear's March 2014 complaint was untimely.[5]

---

[4] The record does not indicate whether Yellowbear was present for this hearing.  But we presume that claims based on official conduct toward a criminal suspect accrue when the conduct occurs.  See Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991).  Yellowbear has not alleged that he learned about the destruction of the notes at a later date.

[5] On appeal, Yellowbear squarely challenges only the district court's dismissal of his § 1983 claims.  However, liberally construing references in his brief to § 1985 and § 1986, we conclude that those claims are also untimely.
Like § 1983 claims, the governing statute of limitations for § 1985 claims in Wyoming is four years.  See Burnett v. Grattan, 468 U.S. 42, 48-49 (1984), overruled on other grounds by Wilson v. Garcia, 471 U.S. 261 (1985); Bailey v. Casper Coll., No. 98-8047, 1999 U.S. App. LEXIS 3208, at *3-4 (10th Cir. Mar. 1, 1999) (unpublished).  Section 1985 claims accrue on the date of the last overt act in

## III

We **AFFIRM** the district court's dismissal of Yellowbear's claims. We **GRANT** Yellowbear's motion to proceed in forma pauperis, but we remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

furtherance of the conspiracy. See O'Connor v. St. John's Coll., 290 F. App'x 137, 141 (10th Cir. 2008) (unpublished). The only overt acts Yellowbear alleges are the incidents underlying his § 1983 claims. For the same reasons those claims are untimely, his § 1985 claims are time-barred.

Congress set a one-year statute of limitations for § 1986 claims. Burnett, 468 U.S. at 48 & n.12. Yellowbear's § 1986 claims are untimely under that shorter limitations period.