FILED
United States Court of Appeals
Tenth Circuit

July 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDREW JOHN YELLOWBEAR, JR.,

Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL,
Peter Michael; FREMONT COUNTY
SHERIFF,

Respondents - Appellees.

No. 14-8016
(D.C. No. 2:06-CV-00082-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**

Before **KELLY**, **EBEL**, and **HARTZ**, Circuit Judges.

Andrew John Yellowbear, Jr., a state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision that

construed his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive

28 U.S.C. § 2254 habeas petition and denied it. We deny a COA, but we vacate the

district court's judgment and remand with instructions to dismiss Mr. Yellowbear's

petition for lack of jurisdiction.

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Yellowbear was charged with first-degree murder following the death of his 22-month-old daughter. During his trial, he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that the crime scene was in "Indian Country," and the state courts, therefore, lacked jurisdiction over his crime. At the conclusion of the trial, Mr. Yellowbear was convicted and sentenced to life in prison.

Shortly thereafter, the district court entered an order denying the § 2241 petition. This court reversed the denial of the § 2241 petition and remanded to the district court. Following remand, Mr. Yellowbear recharacterized his petition as one being brought pursuant to 28 U.S.C. § 2254. He later voluntarily dismissed two claims. The remaining claim challenged the Wyoming Supreme Court's determination that the crime scene was not in Indian Country. The district court subsequently denied the petition, and we affirmed the district court's decision. *See Yellowbear v. Att'y Gen. of Wyo.*, 380 F. App'x 740, 740 (10th Cir. 2010).

In January, Mr. Yellowbear filed a motion seeking relief pursuant to Fed. R. Civ. P. 60(b). The district court concluded that the Rule 60(b) motion constituted an attempt to file a second or successive § 2254 claim without prior authorization and denied the motion.

Mr. Yellowbear now seeks a COA to appeal from the district court's denial. To obtain a COA, Mr. Yellowbear must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas claim unless he first obtains an order from the court of appeals authorizing the district court to consider the claim. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 claim. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A 60(b) argument should be treated as a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) argument should not be treated as a successive § 2254 claim if it "challenges a defect in the integrity of the federal habeas proceeding." *Id.* at 1216.

Here, the district court explained that Mr. Yellowbear's, "Rule 60(b) motion . . . once again, in effect, challenges the jurisdiction of the Wyoming state district court in which he was convicted, a challenge he has previously asserted at least twice in this Court." R., Vol. I at 2550. Because Mr. Yellowbear's Rule 60(b) motion was not challenging a defect in the integrity of the habeas proceeding, but was instead challenging the legality of his conviction, the district court concluded the motion must be considered a second or successive § 2254 petition. The district court noted that it did not have jurisdiction to determine the merits of a successive § 2254

petition and determined that it was not in the interest of justice to transfer the petition to this court, noting, among other reasons, that Mr. Yellowbear's claim was not likely to have merit. The district court then denied the Rule 60(b) motion.

In his COA application, Mr. Yellowbear continues to argue the merits of the claim that he brought in his Rule 60(b) motion—that the state courts lacked jurisdiction over the crime for which he was convicted—which is the same claim he brought in his first § 2254 petition. He fails to adequately explain how the district court erred in concluding that his Rule 60(b) motion was an unauthorized second or successive § 2254 petition. Because Mr. Yellowbear's Rule 60(b) motion reasserts a federal basis for relief from his underlying conviction, reasonable jurists could not debate that the district court was correct in its procedural ruling to treat the motion as an unauthorized second or successive § 2254 petition. For that reason, we deny a COA. We also deny Mr. Yellowbear's motion for appointment of counsel.

We note, however, that the district court's order reflects that it is denying Mr. Yellowbear's Rule 60(b) motion. Because the district court determined that the Rule 60(b) motion was an unauthorized second or successive § 2254 petition, the district court lacked jurisdiction to rule on the merits. *See Cline*, 531 F.3d at 1251. Accordingly, we vacate the district court's judgment and remand with instructions to

dismiss Mr. Yellowbear's unauthorized second or successive § 2254 petition for lack of jurisdiction.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk