FILED
United States Court of Appeals
Tenth Circuit

June 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRANCE L. JOHNSON,

Petitioner - Appellant,

v.

RICK RAEMISCH; PHIL WEISER,
Attorney General of the State of
Colorado,

Respondents - Appellees.

No. 19-1044
(D.C. No. 1:16-CV-02731-LTB)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.

Terrance L. Johnson, a Colorado state prisoner acting pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his petition for relief

under 28 U.S.C. § 2254. Specifically, Mr. Johnson contests the district court's denial of

his motion for reconsideration regarding his case's dismissal and a magistrate judge's

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Johnson appears before us pro se, we liberally construe his pleadings. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

refusal to appoint counsel. Exercising our jurisdiction under 28 U.S.C. § 1291, we deny Mr. Johnson's application for a COA.

## I.   BACKGROUND

The State of Colorado charged Mr. Johnson with two counts of sexual assault of an at-risk victim. These charges arose in connection with statements made by the sixteen-year-old, developmentally disabled daughter of Mr. Johnson's friend that Mr. Johnson had engaged in sexual intercourse with her on two occasions—once in the garage of her home and once in her bedroom. A jury found Mr. Johnson guilty of the bedroom incident but not guilty of the incident alleged to have occurred in the garage. The Colorado Court of Appeals affirmed Mr. Johnson's conviction on direct appeal.

Mr. Johnson then filed a pro se postconviction motion pursuant to Colo. Crim. P. 35(c), claiming his trial counsel had provided ineffective assistance in a number of ways, including by failing to investigate and present certain defense witnesses, including Joseph Burnham, and by failing to secure an expert witness to challenge the prosecution's medical evidence. The state postconviction court appointed counsel to represent Mr. Johnson, and appointed counsel submitted a brief in support of Mr. Johnson's 35(c) motion. This brief reiterated Mr. Johnson's argument that trial counsel had been ineffective for failing to call Mr. Burnham but made no mention of trial counsel's failure to secure an expert witness. Later, at a hearing before the state postconviction court, Mr. Johnson's appointed counsel withdrew the assertion that trial counsel had been ineffective for failing to investigate or call Mr. Burnham "because the [trial counsel's] file reflected Mr. Burnham had spoken with [trial counsel]."

2

The state postconviction court ultimately denied Mr. Johnson's 35(c) motion. It noted that Mr. Johnson had withdrawn his ineffective-assistance claim regarding the alleged failure to investigate or to call Mr. Burnham but did not address Mr. Johnson's claim that trial counsel had provided ineffective assistance by failure to secure an expert witness.

Mr. Johnson appealed the denial of his 35(c) motion to the Colorado Court of Appeals ("CCA"). In the opening brief, postconviction appellate counsel argued that Mr. Johnson's trial counsel had failed to investigate and present testimony from alibi witnesses, not including Mr. Burnham, and failed to subpoena another witness. Although the postconviction appeal brief noted in a "statement of the facts and case" that trial counsel had been "faulted for not securing an expert witness to refute the [prosecution expert's] medical testimony," the brief does not claim that trial counsel had provided ineffective assistance by neglecting to do so. ROA at 208.

The CCA affirmed the postconviction court's denial of Mr. Johnson's 35(c) motion without addressing trial counsel's failure to call Mr. Burnham or failure to secure an expert witness.

Mr. Johnson then commenced the present action by filing pro se a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the district court's direction, Mr. Johnson filed an amended petition raising two claims for ineffective assistance of trial counsel, based on (1) counsel's failure to investigate and present Mr. Burnham as an alibi witness, and (2) counsel failure to secure an expert witness to testify regarding the medical evidence.

3

The district court found that Mr. Johnson had not exhausted either claim in state court. Because Mr. Johnson had not presented either claim for resolution to the CCA, the district court found he had failed to invoke "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Any further attempt by Mr. Johnson to exhaust these claims would be untimely or otherwise barred by Colorado's rules of criminal procedure, and therefore the district court held Mr. Johnson's claims subject to an anticipatory procedural bar. The district court further noted that Mr. Johnson had not established cause and prejudice for the default or demonstrated that failure to consider the claim would result in a fundamental miscarriage of justice. And because Mr. Johnson had not yet alleged that his initial-review postconviction counsel had been ineffective, the rule in *Martinez v. Ryan*, 566 U.S. 1 (2012)—that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for [procedural default]"—did not apply. *Id.* at 9. The district court denied a COA.

Mr. Johnson filed a motion for reconsideration, arguing that his initial-review postconviction counsel and appellate postconviction counsel had been ineffective, justifying application of the *Martinez* rule. The district court denied this motion as well, noting that Fed. R. Civ. P. 60(b), which authorizes motions to alter or amend final judgments, is "not an appropriate vehicle" for advancing new arguments. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). Nevertheless, in consideration of Mr. Johnson's pro se status, the district court explained why Mr. Johnson's *Martinez* arguments failed. With respect to Mr. Johnson's first claim for ineffective assistance

4

regarding the failure to investigate or call Mr. Burnham, the district court explained Mr.

Johnson had not shown that the claim has "some merit," *Martinez* 566 U.S. at 14,

because the state court record indicates that trial counsel did contact Mr. Burnham,

suggesting the decision not to call him to testify was strategic, and in any event Mr.

Burnham's testimony would have been merely corroborative. With respect to Mr.

Johnson's second claim of ineffective assistance, the district court noted that *Martinez*

does not excuse defaults based on the ineffective assistance of postconviction counsel.

Mr. Johnson timely filed a combined opening brief and application for a COA.[2]

---

[2] In his COA application and notice of appeal, Mr. Johnson purports to challenge the district court's order denying reconsideration rather than the district court's order dismissing his petition for relief pursuant to § 2254. As the district court observed, however, a motion for reconsideration is not an appropriate vehicle for new arguments, and Mr. Johnson's motion for reconsideration (and the new arguments he asserted therein) could properly be rejected on that basis. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."). Strictly applying the 60(b)(1) standard would severely limit our consideration of Mr. Johnson's claims, since errors raised in a motion for reconsideration must typically be "obvious and apparent on the record . . . to justify 60(b)(1) relief." *Id.*

We have discretion, however, to treat an appeal from a postjudgment order as an appeal from a final judgment. *Ward v. San Diego Cty.*, 791 F.2d 1329, 1331 (9th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)) ("[C]ourts of appeal may treat an appeal from a postjudgment order as an appeal from the final judgment."). In consideration of Mr. Johnson's pro se status, therefore, we will treat Mr. Johnson's appeal from the district court's motion for reconsideration as an appeal from the district court's underlying dismissal of his petition for relief pursuant to § 2554, and like the district court, we will explain why Mr. Johnson's *Martinez* arguments, raised for the first time in his motion for reconsideration, would fail even if they had been properly raised in his original § 2254 petition.

Relatedly, Mr. Johnson claims the district court should have construed his motion for reconsideration as a "subsequent habeas petition" or a second amended petition. Aplt. Br. at 18. But construing the motion for reconsideration as a subsequent petition would have deprived the district court of jurisdiction to address his claims. *Yellowbear v. Michael*, 570 F. App'x 798, 799 (10th Cir. 2014) (unpublished) ("In the absence of

## II.   CERTIFICATE OF APPEALABILITY

To appeal the district court's denial of his § 2254 petition, Mr. Johnson must first obtain a COA, which is available only if Mr. Johnson can establish "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Making this showing requires Mr. Johnson to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the district court concluded Mr. Johnson had failed to meet his burden and denied him a COA.

When the district court has disposed of a claim on procedural grounds, such as failure to exhaust, we will issue a COA only when the petitioner meets a two-part standard, showing both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478; *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

---

[authorization from the court of appeals] . . . a district court lacks jurisdiction to address the merits of a second or successive § 2254 claim."). And the district court could not have considered the motion for reconsideration as an amended § 2254 petition because it had already denied Mr. Johnson's § 2254 petition, although it effectively did so by explaining why Mr. Johnson's new *Martinez* arguments would have failed even if they had been raised in his initial petition.

## III.    ANALYSIS

To successfully challenge a state conviction, a § 2254 petitioner must demonstrate either that he has exhausted all available remedies in state court or that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1).[3]

In general, a petitioner's federal constitutional claim "has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal quotation marks omitted). To fairly present a claim, and therefore to exhaust it, state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added); *see Young v. Westbrooks*, 702 F. App'x 255, 258 (6th Cir. 2017) (explaining claims were procedurally defaulted when they were raised during initial state postconviction proceeding but not "re-raised by [the petitioner] on state postconviction appeal").

When a petition contains unexhausted claims, a federal court may apply an "anticipatory procedural bar" to those claims if "the court to which the petitioner would

---

[3] Mr. Johnson does not argue either "absence of available State corrective process" or that "circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1)(i), (ii). Accordingly, he must have exhausted all available state-court remedies to challenge his conviction on federal habeas.

be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)). This anticipatory bar will preclude a claim from federal habeas review if the claim has "been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) (internal quotation marks omitted).

The district court determined that Mr. Johnson failed to exhaust either of his ineffective-assistance claims because he had not invoked "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Because the state court would now find them procedurally barred,[4] and because Mr. Johnson could show neither cause and prejudice nor a fundamental miscarriage of justice, the district

---

[4] The district court concluded that Colorado state courts would find any attempt by Mr. Johnson to file an additional postconviction 35(c) motion exhausting his claims untimely based on Colo. Rev. State. § 16-5-402, which provides that defendants convicted of felonies other than class 1 felonies have three years in which to collaterally attack the validity of their convictions. *See* Colo. Rev. Stat. § 16-5-402(1). Mr. Johnson's conviction became final when it was affirmed on appeal in 2011, and thus the time period in which he could file a 35(c) motion expired in 2014. *People v. Johnson*, No. 07CA2321, 2011 WL 553752, at *1 (Colo. App. Feb. 17, 2011); *see People v. Hampton*, 876 P.2d 1236, 1240 (Colo. 1994) (holding a conviction becomes final for purposes of § 16-5-402 "after a defendant's appeal has been exhausted").

Alternatively, Colo. R. Crim. P. 35(c)(3)(VII) requires Colorado state courts to "deny any claim that could have been presented in . . . [a] postconviction proceeding previously brought." Colo. R. Crim. P. 35(c)(3)(VII) (listing various exceptions inapplicable here). Since each of Mr. Johnson's two ineffective-assistance claims were, in fact, raised in his 35(c) motion, Colo. R. Crim. P. 35(c)(3)(VII) would require the state court to deny any attempt by him to re-raise and exhaust these claims in a future 35(c) motion.

court further concluded that both claims were subject to an anticipatory procedural bar and precluded from federal habeas review. Mr. Johnson concedes that neither of his ineffective-assistance were exhausted in state postconviction proceedings. Accordingly, we review only the district court's application of an anticipatory procedural bar to preclude Mr. Johnson's claims from federal habeas review.[5]

## 1. Anticipatory Procedural Bar

We apply an anticipatory bar to "issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Anderson*, 476 F.3d at 1140 (internal quotation marks and citation omitted).[6] Mr. Johnson does not

---

[5] Separately, Mr. Johnson contends the district court "should have seen that the [Colorado] postconviction court mechanically applied *Strickland*" and the Colorado postconviction court should have used a "fundamental fairness" rather than an "outcome determinative" standard to assess *Strickland*'s prejudice prong in regard to Mr. Johnson's claim of ineffective assistance of trial counsel. But the district court did not reach the merits of Mr. Johnson's ineffective-assistance-of-trial-counsel claims because it determined those claims had not been exhausted, and "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). And to the extent that Mr. Johnson argues *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) changed *Strickland*'s prejudice prong as pertinent to our analysis, he is incorrect. In *Weaver*, the court merely "assume[d], as [the petitioner] ha[d] requested, that even if there is no showing of a reasonable probability of a different outcome, relief still must be granted if the defendant shows that attorney errors rendered the trial fundamentally unfair." *Id.* at 1903–04. The Court confirmed that "To demonstrate prejudice in most cases, the defendant must show 'a reasonable probability that . . .the result of the proceeding would have been different' but for attorney error." *Id.* at 1903 (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984).

[6] Contrary to Mr. Johnson's argument, he is not entitled to a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, districts courts have discretion to stay and abate habeas proceeding to allow petitioners to exhaust unexhausted claims. *See id.* at

challenge the independence or adequacy of Colo. Rev. State. § 16-5-402 or Colo. R. Crim. P. 35(c)(3)(VII), and our case law would not support such a challenge. *See LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (listing unpublished cases finding Rule 35(c)(3)(VII) to be an independent and adequate state ground precluding federal habeas review). Nor does Mr. Johnson allege that a "fundamental miscarriage of justice" excuses his defaults.[7] Only the cause and prejudice exception remains, application of which turns upon *Martinez*.

*Martinez* establishes that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. For *Martinez* to apply, Mr. Johnson must

---

273–79. But, as discussed below, Mr. Johnson's unexhausted claims are subject to an anticipatory procedural bar because the claims would be "barred under state law if the petitioner returned to state court" in an attempt to exhaust them. *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002). Any such attempt by Mr. Johnson would be futile based on Colo. Rev. Stat. § 16-5-402 or Colo. R. Crim. P. 35(c)(3)(VII). This remains true despite Mr. Johnson's recent apparent filing of a successive 35(c) motion in Colorado district court. Moreover, as discussed below, Mr. Johnson has not established cause for his failure to exhaust, making a stay under *Rhines* inappropriate. *See Rhines*, 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

[7] Although Mr. Johnson's application to this court uses the phrase "fundamental miscarriage of justice," Aplt. Br. at 10, his argument overwhelmingly focuses on the cause and prejudice exception articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012). Furthermore, the fundamental miscarriage of justice exception only excuses a failure to exhaust when "a constitutional violation has probably resulted in the conviction of one who is *actually innocent*," *Selsor v. Kaiser*, 22 F.3d 1029, 1034 (10th Cir. 1994) (quotation marks and citation omitted), and Mr. Johnson has conceded that his claim of actual innocence is "insufficient on its face with the current supporting facts," ROA at 380, so the exception would not apply even if he had raised it.

show both that his initial-review postconviction counsel was ineffective and that his underlying ineffective-assistance-of-trial-counsel claim is "substantial," "which is to say that [Mr. Johnson] must demonstrate that the [underlying] claim has some merit." *Id.* at 14.

The district court concluded that *Martinez* could not excuse the default of either of Mr. Johnson's claims because (1) his first claim lacks "some merit" and (2) his second claim was defaulted by appellate post-conviction counsel, rather than initial-review postconviction counsel. We review each of these conclusions under our COA standard in turn.

### a. Alibi Witness Burnham Claim

Reasonable jurists could not debate the district court's application of an anticipatory procedural bar to Mr. Johnson's first claim that his trial counsel provided ineffective assistance by failing to investigate and present Mr. Burnham as a witness. Mr. Johnson's underlying ineffective-assistance-of-trial-counsel claim lacks "some merit," and is therefore not so substantial as to justify application of *Martinez. Id.* at 14.

To succeed on his ineffective-assistance-of-trial-counsel claim, Mr. Johnson would need to prove deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, Mr. Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In his § 2254 application to the district court, Mr. Johnson claimed he spent time with Mr. Burnham on the day of the alleged sexual assault, and Mr. Burnham's testimony

11

"would have accounted for [Mr. Johnson's] whereabouts during the late afternoon and early evening." ROA at 324. "This alibi testimony would have supported [Mr. Johnson's] claim of actual innocence" because "if [Mr. Burnham] were present at trial . . . he would have testified that [Mr. Johnson] was at a different location at the time the alleged event occurred [i.e., late that night, or early the next morning]." *Id*. at 325. Burnham's testimony, therefore, would support the alibi defense Mr. Johnson raised at trial—that Mr. Johnson had spent the night and following morning at his fiancée's house.

The district court explained that Mr. Johnson could not show prejudice stemming from counsel's decision not to present Mr. Burnham as an alibi witness.[8] Even assuming Mr. Burnham's testimony would have been credible and favorable, it would have been merely duplicative of Mr. Johnson's testimony and that of his fiancée, who both testified that Mr. Johnson had not spent the night in the alleged victim's house.

In his application for a COA, Mr. Johnson now claims Mr. Burnham's testimony "would neither have corroborated the alibi nor conflicted with it," because he spent time with Mr. Burnham in the late afternoon and early evening, but the alleged assault occurred "in the middle of the night." Aplt. Br. at 21. Instead, Mr. Johnson claims that

---

[8] The district court also observed, contrary to Mr. Johnson's suggestion, that the record indicates trial counsel investigated Mr. Burnham as a potential witness. The state postconviction court noted that Mr. Johnson "initially claimed that another alibi witness, Joseph Burnham was not contacted, but withdrew that assertion at the Rule 35 hearing, no doubt because [trial counsel's] file reflected that Mr. Burnham had spoken with [trial counsel]." ROA at 364. Although Mr. Johnson now criticizes this conclusion by the state postconviction court as "factually incorrect," Aplt. Br. at 20, § 2254 requires federal habeas courts to presume the correctness of a state court's factual determinations. 28 U.S.C. § 2254(e)(1). Mr. Johnson has "the burden of rebutting the presumption of correctness by clear and convincing evidence," *id*., which he has not done.

12

Mr. Burnham would have testified "to the events of the day, [Mr. Johnson and his fiancée's plans] for the evening, and the things he saw and heard." Aplt. Br. at 23. He suggests this testimony would have served to impeach that of the alleged victim and her mother, who testified at trial that Mr. Johnson had spent the night in their house.

Mr. Johnson's revised arguments in his application to this court do not undermine the district court's conclusion on *Strickland*'s prejudice prong. To the extent that Mr. Burnham's testimony would corroborate Mr. Johnson's alibi, his testimony would be both cumulative, *see Hanson v. Sherrod*, 797 F.3d 810, 832 (10th Cir. 2015) ("Many of our cases have refused to find prejudice when the evidence not presented would have been cumulative of the evidence the jury already heard."), and of marginal value, since Mr. Burnham could not testify to Mr. Johnson's location at the time of the alleged assault. To the extent that Mr. Burnham would not corroborate that alibi but would testify to other events of the day in question, Mr. Johnson has not explained how that testimony would affect the jury's verdict, or how it would impeach the victim or her mother's crucial testimony that Mr. Johnson spent the evening at their home.

Vague, speculative, and conclusory allegations will not satisfy an applicant's burden under *Strickland*'s prejudice prong. *Stafford v. Saffle*, 34 F.3d 1557, 1564 (10th Cir. 1994); *see Kidwell v. Martin*, 480 F. App'x 929, 934 (10th Cir. 2012) (unpublished) ("We have repeatedly stated that such conclusory allegations do not satisfy *Strickland*'s prejudice element."). Reasonable jurists could not debate whether such inconsistent and speculative allegations suffice to show a "reasonable probability" that with Mr. Burnham's testimony the jury's verdict would have been different. *Strickland*, 466

13

U.S. at 687. Accordingly, they could not debate whether Mr. Johnson has alleged a sufficiently "substantial" ineffective-assistance-of-trial-counsel claim to justify application of *Martinez*, and the district court appropriately applied an anticipatory procedural bar to this unexhausted claim. *See* 566 U.S. at 14.

### b. Expert Witness Claim

Reasonable jurists also could not debate the district court's application of an anticipatory procedural bar to Mr. Johnson's second claim that his trial counsel provided ineffective assistance by failing to secure an expert witness. The district court concluded that Mr. Johnson preserved this claim at the postconviction initial-review stage but later defaulted it on postconviction appeal, at which point *Martinez* does not apply.

*Martinez* establishes a narrow exception to the general rule of *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), that ineffective assistance in postconviction proceedings does not qualify as cause to excuse a procedural default. It treats ineffective assistance of postconviction counsel as cause "to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context," *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017), i.e., when, under state law, that claim "must be raised in an initial-review collateral proceeding." *Martinez*, 566 U.S. at 17. The Supreme Court has declined to expand the *Martinez* rule to other contexts and reiterated its "highly circumscribed, equitable" nature. *Davila*, 137 S. Ct. at 2066. Thus, *Martinez* can only excuse procedural defaults that occur on postconviction initial review, not defaults that occur on postconviction appeal. *See Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from

14

initial-review collateral proceedings."); *see also Middlebrooks v. Carpenter*, 843 F.3d 1127, 1136 (6th Cir. 2016) ("[T]he *Martinez-Trevino* exception does not apply to save procedural defaults that occur in 'appeals from initial-review collateral proceedings.'" (quoting *Martinez*, 566 U.S. at 16)); *Brown v. Zupan*, 724 F. App'x 657, 660 (10th Cir. 2018) (unpublished) (same).

As the district court observed, Mr. Johnson raised his claim of trial counsel's ineffective assistance for failure to secure an expert witness in his motion for postconviction relief pursuant to Colo. Crim. P. 35(c). In this motion, Mr. Johnson claimed that "trial counsel was ineffective for not securing [an] . . . expert witness" because the state's expert had "inaccurately reported that there was 6–7" vaginal penetration and that a standard 6" vaginal speculum was used to determine the depth of penetration." State Record at 252. He suggested that a defense expert could have "take[n] measurements of his genitalia prior to . . . trial to compare with [the] medical report" and testified about the different sizes of specula used "to accommodate women with vagina[s] of various sizes." *Id.* He further asserted that a defense expert could have testified that the alleged victim had "a[n] intact hymen . . . disproving her allegations of sexual intercourse," and trial counsel's failure to secure such an expert violated his Sixth Amendment right. *Id.* at 252–53. These assertions sufficed to preserve Mr. Johnson's second claim of ineffective assistance before the initial-review state postconviction court. *See Bland*, 459 F.3d at 1011 ("'Fair presentation' means that the petitioner has raised the 'substance' of the federal claim in state court.").

15

Mr. Johnson's assigned postconviction counsel then filed a brief in support of Mr. Johnson's 35(c) motion, omitting any discussion of the expert-testimony issue. Nor did the initial-review state postconviction court address the issue. Nevertheless, a state court's failure "to mention a federal claim does not mean the claim was not presented to it." *Dye v. Hofbauer*, 546 U.S. 1, 3 (2005) (per curiam); *see Smith v. Digmon*, 434 U.S. 332, 333 (1978) (per curiam) ("It is too obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court . . . .").

Mr. Johnson's postconviction appeal brief, however, did not raise trial counsel's failure to secure an expert as grounds for an ineffective assistance claim. Although the brief noted that Mr. Johnson had initially "faulted" trial counsel in his 35(c) motion for failing to secure an expert,[9] the brief argued only that trial counsel had been ineffective for failing to investigate two potential alibi witnesses and failing to secure the presence of another witness who would have testified to, among other things, a lack of honesty on the part of the victim's mother.

Thus, Mr. Johnson defaulted his second claim of ineffective assistance on postconviction appeal, not initial review. *Martinez* does not excuse defaults that occur on

---

[9] Mr. Johnson appears to suggest that the state trial court itself "faulted" trial counsel for not consulting an expert. The record does not support this contention. Although, as discussed above, Mr. Johnson's postconviction appeal brief states that counsel was "faulted for not securing an expert witness to refute the medical testimony," it only cites Mr. Johnson's initial 35(c) motion for this proposition, suggesting that it was Mr. Johnson, not the trial court, that "faulted" counsel for failing to secure an expert.

16

postconviction appeal, *see Middlebrooks,* 843 F.3d at 1136, and therefore reasonable jurists could not debate whether Mr. Johnson has established cause for his procedural default, and the district court correctly applied an anticipatory procedural bar to Mr. Johnson's second claim of ineffective assistance.

## IV.   MOTIONS TO APPOINT COUNSEL, PROCEED IN FORMA PAUPERIS, AND SUPPLEMENT THE RECORD ON APPEAL

In addition to seeking a COA, Mr. Johnson appeals the district court's refusal to appoint counsel, and he makes a renewed motion to appoint counsel as well as motions to supplement the record on appeal and proceed in forma pauperis. We consider each of these additional issues in turn.

"[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). The district court denied Mr. Johnson's request for appointment of counsel as moot after denying his motion for reconsideration. The district court did not abuse its discretion in denying this request after concluding based on settled law that Mr. Johnson had not exhausted his claims and could not establish cause for his procedural default; appointed counsel could serve no further purpose. We therefore affirm the district court's refusal to appoint counsel, and we deny Mr. Johnson's motion to appoint counsel on appeal for the same reasons.[10] *See Rucks v. Boergermann*, 57 F.3d 978, 979

_____

[10] Mr. Johnson complains that the district court failed to "find facts specially and state separately its conclusions of law" with respect to its ruling on his motion for appointment of counsel and various other objections and issues, citing Fed. R. Civ. P. 52.

(10th Cir. 1995) (affirming denial of appointment of counsel when review of record revealed that appellant "has a firm grasp of the fundamental issues in his case and appears to be capable of presenting his case intelligently and coherently," "the issues in [the] case were not particularly complex," and "even with appointed counsel, [the appellant] had little likelihood of prevailing on the merits").

Mr. Johnson also moves to supplement the record on appeal with a variety of additional documents, including an objection to the district court's denial of his motion to proceed in forma pauperis on appeal. We have reviewed these materials and conclude they are unnecessary to the resolution of the issues before us. We therefore deny Mr. Johnson's request to supplement the record on appeal. *See Prost v. Anderson*, 636 F.3d 578, 582 (10th Cir. 2011) (denying motion to supplement record because the "proffered materials are not necessary to the resolution of this appeal"); *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1051 (10th Cir. 2017) ("We will not consider material outside the record that was not before the district court unless it is necessary to truly disclose what occurred in the district court." (internal quotation marks and alteration omitted)).

Finally, Mr. Johnson filed a motion to proceed in forma pauperis on appeal, which the district court denied. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."

Aplt. Br. at 15, 16. But Rule 52 governs bench trials, not habeas proceedings, and the district court otherwise adequately explained the rulings we affirm here. *See* Fed. R. Civ. P. 52 ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.").

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Johnson has not met this burden; our review of the record reveals no non-frivolous argument in support of his appeal. Accordingly, we also deny Mr. Johnson's motion to proceed in forma pauperis on appeal.

## V.    CONCLUSION

Because Mr. Johnson fails to make a substantial showing of the denial of a constitutional right, we **DENY** his request for a COA and **DISMISS** the appeal. We also **DENY** Mr. Johnson's appeal of the district court's decision not to appoint counsel, his renewed motion to appoint counsel on appeal, and his motions to supplement the record and proceed in forma pauperis.

Entered for the Court


Carolyn B. McHugh
Circuit Judge