**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANDREW JOHN YELLOWBEAR, JR.,

    Petitioner - Appellant,

v.

BRIDGET HILL, Wyoming Attorney
General,

    Respondent - Appellee.

No. 22-8014
(D.C. No. 0:22-CV-00057-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **EID**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
_____

Andrew John Yellowbear, Jr., a Wyoming prisoner, seeks a certificate of

appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254

habeas application.[1]  We deny him a COA and dismiss this matter.

In 2006, a Wyoming court sentenced Mr. Yellowbear to life in prison for murder.

After his direct appeal, in 2008, the trial court amended the judgment to reflect that he

had been convicted of one count rather than four, but he still must serve a life sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Yellowbear represents himself, so we construe his filings liberally.  *See Hall
v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After the trial court amended the judgment, Mr. Yellowbear filed a § 2254 application.[2] *See Yellowbear v. Att'y Gen. of Wyo.*, 380 F. App'x 740, 741 (10th Cir. 2010). Since that application's failure, he has filed two motions, styled as motions for relief under Federal Rule of Civil Procedure 60(b), that courts treated as second or successive § 2254 applications. *See Yellowbear v. Michael*, 570 F. App'x 798, 799 (10th Cir. 2014); *Yellowbear v. Hill*, 859 F. App'x 295, 299 (10th Cir. 2021).

Earlier this year, Mr. Yellowbear filed the § 2254 application underlying this matter. His application raised two claims. First, he argued that the trial court did not properly resentence him when it amended the judgment. Second, he argued that the decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), required the court to revisit his earlier challenge to Wyoming's jurisdiction to prosecute him. The district court dismissed the application, concluding that it lacked jurisdiction to consider a second or successive application without authorization from this court.

To obtain a COA, Mr. Yellowbear must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Mr. Yellowbear does not dispute that district courts lack jurisdiction to address the merits of a second or successive § 2254 application unless the appropriate court of appeals has authorized the application to be filed. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). He instead argues that his latest

---

[2] We take judicial notice of Mr. Yellowbear's § 2254 application, filed on July 11, 2008, in the United States District Court for the District of Wyoming, case number 06-CV-82. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

2

application is not second or successive under *Magwood v. Patterson*, 561 U.S. 320 (2010). *Magwood* holds that an application may not be considered second or successive if it is the first to challenge a particular judgment, even if the prisoner has previously filed other applications challenging earlier judgments. *See id.* at 331–33. The trial court's 2008 amended judgment is a new judgment, Mr. Yellowbear argues, so his most recent § 2254 application is not second or successive.

The problem with Mr. Yellowbear's argument is that he has already filed § 2254 applications targeting the amended judgment.[3] The trial court entered the amended judgment in March 2008. About two weeks later, we reversed a federal district court's denial of a jurisdictional claim Mr. Yellowbear brought under 28 U.S.C. § 2241, and we remanded his case to give him a chance to recharacterize the claim as one arising under § 2254. *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924–25 (10th Cir. 2008). In July 2008, Mr. Yellowbear filed a § 2254 application reasserting the jurisdictional claim. At that point, the judgment authorizing his confinement was the amended judgment. So that is the judgment he challenged in his July 2008 § 2254 application and his later motions purportedly under Rule 60(b). In short, his latest § 2254 application is not the first to challenge the amended judgment.

We reject Mr. Yellowbear's argument "that none of the previous federal actions should count against him until the state trial court properly sentences him for the" amended judgment. COA Appl. at 2. This argument simply assumes that the state court

---

[3] Because Mr. Yellowbear has already challenged the amended judgment, we will assume that it qualifies as a new judgment and that *Magwood* applies.

3

erred when it entered the amended judgment and, from that assumption, concludes that the district court should have heard his latest challenge to the judgment. But any error in the state court's amended judgment would not affect our review of the district court's procedural ruling. The propriety of the district court's procedural ruling depends on whether Mr. Yellowbear has challenged the amended judgment before (he has) and whether he received authorization to challenge it again in a second or successive § 2254 application (he did not).

Reasonable jurists could not debate whether the district court correctly concluded that Mr. Yellowbear's latest § 2254 application was a second or successive one or, as a result, whether the court correctly dismissed the unauthorized application for lack of jurisdiction. We deny Mr. Yellowbear a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4